PER CURIAM.
| T Granted in part and otherwise denied. Relator was convicted of several sex offenses involving minors including molestation of a juvenile under the age of 13 years in violation of R.S. 14:81.2. The trial court sentenced him for this offense to serve 10 years imprisonment at hard labor. In reviewing the sufficiency of the evidence on direct appeal, the court of appeal determined, sua sponte, that relator’s 10-year sentence for molestation was illegally lenient under R.S. 14:81.2, as amended in 2006 to increase the penalty for a person who commits the crime of molestation of a juvenile when the victim is under the age of 13 years from one to 10 years imprisonment to 25 years to life imprisonment at hard labor. Specifically, the court of appeal made a factual determination that relator must have molested the victim during a five-month window between the effective date of the amendment and the victim’s 13th birthday. See State v. Simpkins, 44,197, pp. 17-18 (La.App. 2 Cir. 5/13/09), 12 So.3d 1021, 1032-33 (“[I]t | gdefies all logic that this repulsive pattern of lewd and lascivious conduct ... would occur before and after this five-month window, but abruptly cease, cold turkey, during this window.”), writ denied 09-1229 (La.2/5/10), 27 So.3d 296 and 09-1539 (La.3/5/10), 28 So.2d 1004.
After remand, the trial court re-sentenced relator under the amended penalty provision to serve life imprisonment at hard labor for molestation of a juvenile under the age of 13 years. Within the *777 time afforded by the post-conviction limitations period, La.C.Cr.P. art. 930.8, relator asserted several claims on collateral review, including that the court of appeal erred in directing the trial court to resen-tence him under the amended penalty provision based on an appellate determination of fact. The claim was also in the nature of an attack of an illegal sentence which may be raised “at any time” La.C.Cr.P. art. 882, and which is exempt from the time limits imposed on post-conviction applications. State ex rel. Johnson v. Day, 92-0122 (La.5/13/94), 637 So.2d 1062. Specifically, relator contended that while the state alleged in a single count that the acts of molestation occurred during a six-year period of time from January 2001 to January 2007, no evidence introduced at trial supported a specific finding, encompassed by the jury’s general verdict, that any act occurred within the five-month window and that the court of appeal accordingly exceeded its authority in presuming facts not found by the jury as a basis for ordering him resentenced. See La. Const. Art. 5, § 10(B) (declaring that “[i]n criminal cases [a court of appeal’s] appellate jurisdiction extends only to questions of law”); see also Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000) (concluding that “[o]ther than the fact of a prior conviction, any |3fact that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt”).
In response to relator’s application in this Court after the lower courts denied him relief on all of his claims, the state concedes that relator is correct his sentence is illegal because the penalty, far in excess of the maximum 10-year sentence he initially received under the law as it read before the 2006 amendment, “is based on facts not found by the jury at trial, but assumed by the court of appeal when it order him resentenced.” The state therefore agrees that relator should be resen-tenced and we concur that the finality of the court of appeal’s decision on direct review does not preclude correction of relator’s sentence as a matter of La.C.Cr.P. art. 882. Accordingly, the application is granted in part to vacate relator’s life sentence for molestation of a juvenile under the age of 13. The trial court’s original sentence of 10 years imprisonment at hard labor for this offense is reinstated. Relator’s remaining claims, however, lack merit and the application is otherwise denied.