# <u>NOT FOR PUBLICATION</u>

## STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

## 14-638

**STATE OF LOUISIANA**

**VERSUS**

**MARCUS GUILLORY**

************

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 176,814
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

************

**SYLVIA R. COOKS
JUDGE**

************

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett and Shannon J. Gremillion, Judges.

**SENTENCE VACATED; REMANDED.**

**Michael F. Kelly, Assistant District Attorney**
**P.O. Box 528**
**209 North Main Street**
**Marksville, LA 71351**
**(318) 253-5815**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Josephine P. Heller**
**8075 Jefferson Highway**
**Baton Rouge, LA 70809**
**(225) 383-9703**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Marcus Guillory**

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

Defendant, Marcus Guillory was found by a unanimous jury to be guilty of the crime of molestation of a juvenile, a violation of La.R.S. 14:81.2.[1] He was subsequently was adjudicated a third-time felony offender.[2] Pursuant to La.R.S. 15:529.1(A)(3)(a), Defendant was sentenced to one hundred ten years imprisonment, with the first twenty-five years without the benefit of parole, probation, or suspension of sentence.

While Defendant did not file a motion to reconsider the sentence pursuant to La.Code Crim.P. art. 881.1, he did perfect a timely appeal, wherein he alleges two assignments of error: 1) The sentence is an illegal sentence; and 2) the trial court erred when it found him to be a third time felony offender.

For the following reasons, we find the trial court did not err when it determined Defendant was a third time felony offender. However, we find the sentence is an illegally imposed sentence, and we must vacate the sentence and remand to the trial court for further proceedings.

## ANALYSIS

Defendant's two assignments of error concern the habitual offender sentence of one hundred ten years imprisonment. However, as discussed below, we find the sentence must be vacated; therefore, any issues concerning the sentence have been rendered moot at this stage of the proceedings.

Initially, we note, in brief, Defendant informed this court a motion to correct the sentence had been filed with the trial court. Information received from the

---

[1]Defendant appealed the underlying conviction, molestation of a juvenile, under this court's docket number 14-637, wherein we affirmed Defendant's conviction.

[2] The three felonies are the underlying conviction, molestation of a juvenile, a violation of La.R.S. 14:81.2, committed between the years of 2005-2006; possession of a controlled dangerous substance, schedule II, a violation of La.R.S. 40:967, convicted in 2005; and simple burglary, a violation of La.R.S.14:62.

Avoyelles Parish Clerk of Court's Office indicated that the hearing, which was set for October 23, 2014, was passed over and the motion was reset without date. Louisiana Code of Criminal Procedure Article 882 provides that "[a]n illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review."

The law in effect at the time of the commission of the offense is determinative of the penalty which the trial court may impose. *State v. Sugasti,* 01-3407 (La. 6/21/02), 820 So.2d 518. The offense, according to the indictment, occurred between 2005 and 2006. The indictment alleged the victim was under the age of thirteen and under the supervision or control of Defendant. In 2005 and until August 15, 2006, La.R.S. 14:81.2(C) (supervision and control) provided for a range of punishment, with or without hard labor, "for not less than one nor more than fifteen years[.]" In 2006, the legislature amended the statute to increase the maximum penalty for molesting a child under one's supervision and control to twenty years and to provide that if the victim was below the age of thirteen, the range of punishment was "not less than twenty-five years nor more than life imprisonment." La.R.S. 14:81.2(C) and (E)(1); 2006 La.Acts No. 103, § 1.[3] The victim, whose birth date was July 22, 1998, testified that the sexual abuse occurred when she was around seven or eight years old and happened three or four times. The statute was amended to increase the maximum penalty for molesting a child under one's supervision and control to twenty years and to provide for the higher range of punishment when a victim was under the age of thirteen, three weeks after the victim in the current case turned eight years old. If any of the incidences of sexual abuse occurred after August 15, 2006, and if the supervision and control provision was applied, the sentencing range would have been one to twenty years. If any of the incidences of sexual abuse occurred after August 15, 2006, and if the

---

[3] In 2008, the life sentence was amended to ninety-nine years. 2008 La.Acts No. 33, § 1.

2

victim under age thirteen provision was applied, the sentencing range would have been twenty-five years to life.

Pursuant to the habitual offender statute at the time and if the supervision and control provision was applied, Defendant was subject to a range of punishment, as follows:

> (3) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
>
> (a) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction[.]

La.R.S. 15:529.1(A)(1)(b)(i). There is no provision in the habitual offender statute for when the defendant faces possible life imprisonment. La.R.S. 15:529.1.

The trial court sentenced Defendant to one hundred and ten years, with the first twenty-five years to be served without benefit of parole, probation, or suspension of sentence. If the three or four incidences of sexual abuse occurred before August 15, 2006, the maximum sentence the trial court could have imposed on Defendant was thirty years at hard labor without the benefit of probation or suspension of sentence. If the three or four incidences of sexual abuse occurred after August 15, 2006, and supervision and control provision was applied, the maximum sentence the trial court could have imposed on Defendant was forty years at hard labor without the benefit of probation or suspension of sentence. If the three or four incidences of sexual abuse occurred after August 15, 2006, and the victim under the age thirteen provision was applied, the maximum sentence the trial court could have imposed on Defendant was life; therefore, the current sentence is legal. However, it was not affirmatively established when the incidences of sexual abuse occurred. Based on the record before us, we cannot determine the legality of the current sentence.

3

In brief, the State "concedes that the sentence imposed on Marcus Guillory should be vacated and he should be resentenced. . . .The state does not contend that this penalty can be constitutionally imposed retroactively."

In *State ex rel. Simpkins*, 12-1599 (La. 12/14/12), 102 So.3d 776, in a situation similar to the current case, Defendant was convicted of molestation of a juvenile under the age of thirteen and sentenced to ten years imprisonment. On appeal, the second circuit found the sentence was illegally lenient, vacated the sentence, and remanded. The trial court then sentenced the defendant to life imprisonment for the molestation of a juvenile under thirteen years of age pursuant to La.R.S. 14:81.2. The supreme court granted the defendant's application for post-conviction relief wherein he alleged an illegal sentence and noted as follows:

> In reviewing the sufficiency of the evidence on direct appeal, the court of appeal determined, sua sponte, that relator's 10-year sentence for molestation was illegally lenient under R.S. 14:81.2, as amended in 2006 to increase the penalty for a person who commits the crime of molestation of a juvenile when the victim is under the age of 13 years from one to 10 years imprisonment to 25 years to life imprisonment at hard labor. Specifically, the court of appeal made a factual determination that relator must have molested the victim during a five-month window between the effective date of the amendment and the victim's 13th birthday. *See State v. Simpkins,* 44,197, pp. 17-18 (La.App. 2 Cir. 5/13/09), 12 So.3d 1021, 1032-33 ("[I]t defies all logic that this repulsive pattern of lewd and lascivious conduct . . . would occur before and after this five-month window, but abruptly cease, cold turkey, during this window."), *writ denied,* 09-1229 (La.2/5/10), 27 So.3d 296 and 09-1539 (La. 3/5/10), 28 So.[3]d 1004.
>
> After remand, the trial court re-sentenced relator under the amended penalty provision to serve life imprisonment at hard labor for molestation of a juvenile under the age of 13 years. Within the time afforded by the post-conviction limitations period, La.C.Cr.P. art. 930.8, relator asserted several claims on collateral review, including that the court of appeal erred in directing the trial court to resentence him under the amended penalty provision based on an appellate determination of fact. The claim was also in the nature of an attack of an illegal sentence which may be raised "at any time" La.C.Cr.P. art. 882, and which is exempt from the time limits imposed on post-conviction applications. *State ex rel. Johnson v. Day*, 92-0122 (La.5/13/94), 637 So.2d 1062. Specifically, relator contended that while the state alleged in a single count that the acts of molestation occurred during a six-year period of time from January 2001 to January 2007, no evidence introduced at trial supported a specific

4

finding, encompassed by the jury's general verdict, that any act occurred within the five-month window and that the court of appeal accordingly exceeded its authority in presuming facts not found by the jury as a basis for ordering him resentenced. *See* La. Const. Art. 5, § 10(B) (declaring that "[i]n criminal cases [a court of appeal's] appellate jurisdiction extends only to questions of law"); *see also Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000) (concluding that "[o]ther than the fact of a prior conviction, any fact that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt").

In response to relator's application in this Court after the lower courts denied him relief on all of his claims, the state concedes that relator is correct his sentence is illegal because the penalty, far in excess of the maximum 10-year sentence he initially received under the law as it read before the 2006 amendment, "is based on facts not found by the jury at trial, but assumed by the court of appeal when it order him resentenced." The state therefore agrees that relator should be resentenced and we concur that the finality of the court of appeal's decision on direct review does not preclude correction of relator's sentence as a matter of La.C.Cr.P. art. 882. Accordingly, the application is granted in part to vacate relator's life sentence for molestation of a juvenile under the age of 13.

*Id.* at 776-77. The supreme court then reinstated the trial court's original sentence.

Thus, in light of *Simpkins*, as well as the State's concession that the sentence may be illegal, this court herby vacates the sentence and the case is remanded to the trial court for further proceedings.

**SENTENCE VACATED; REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules–Courts of Appeal, Rule 2-16.3.

5